HORACE G. W. ELLIS, BY HIS NEXT FRIEND, PLAINTIFF AND PLAINTIFF IN ERROR, v. PENNSYLVANIA IRON WORKS COMPANY, DEFENDANT AND DEFENDANT IN ERROR.

Argued July 6, 1908—Decided March 1, 1909.

1. A declaration averring that defendant did create a place of danger by expelling boiling hot water through the conduit pipe of a city into an open space where the inhabitants of such city have been accustomed to travel, and that the plaintiff, an infant, there traveling, fell into an open ditch, filled with defendant's boiling water, fails to exhibit a cause of action.
2. The inference, from the language of the pleading, is that the defendant has the right to discharge its waste water into the city conduit, and that the discharge of defendant's hot water into the pipe was not a negligent act.

On error to the Supreme Court.

For the plaintiff in error, *John J. Crandall.*

For the defendant in error, *Grey & Archer.*

The opinion of the court was delivered by

REED, J.   This writ of error brings up a judgment of the Supreme Court sustaining a demurrer to a declaration.

The declaration averred that the Penn Iron Works Company, at Atlantic City, on Connecticut avenue, on May 11th, 1906, did create and maintain a common nuisance and a place of danger to the inhabitants of the neighborhood thereof, by expelling water heated to boiling heat through the conduit pipe of said city into an open and unprotected space, wherein said inhabitants, and especially infants, have always been accustomed to travel and enjoy; and that while the plaintiff, an infant three years of age, was lawfully traveling on Connecticut avenue, at the place aforesaid, he fell into an open ditch, filled with defendant's heated and scalding water, by reason whereof he was greatly injured.

It is to be first observed that the statement in the declaration that the defendant did create and maintain a common nuisance and a place of danger to the inhabitants of the neighborhood, in itself exhibits no cause of action.   The statement is that of a mere conclusion, and as such is of no value unless supported by the facts stated in aid of that conclusion, for the purpose of showing that the defendant was guilty of some breach of duty in causing or permitting the existence of a place of danger.

Aside from this general statement, the facts set out are that the defendant created this place of danger by expelling boiling hot water through a conduit pipe of Atlantic City into an open and unprotected space, where adults and infants have been accustomed to travel, by reason of which the plaintiff was injured.   It is not charged that the defendant was not privileged to discharge its waters into the conduit pipe of the city of Atlantic City.

In the absence of such a charge the inference would seem to be that this pipe or conduit, thus stated to be a municipal pipe or conduit, was for the use of the inhabitants of the city. A further inference would seem to be that the purpose of this pipe was to afford to those who were connected with it directly or indirectly an opportunity to rid themselves of such water as had served their purposes.

Doubtless there are municipal conduit pipes designed for purposes other than the discharge of waste fluids; but the statement in the declaration of the fact that this water was discharged into this pipe, through which pipe the water was delivered upon an open space, implies that this pipe was used for the purpose of drainage, and as already observed, the implication that it was a city drain or sewer would support the inference that residents of the city were privileged to discharge their waste fluids into it; at least the inference is quite as strong that the defendant was privileged to use this pipe for the discharge of its waste water, as it is that the defendant so discharged its water without permission.

The rule of pleading is that, where there are two intendments that one must be taken which is most against the party pleading. *Stephens & Condit Transportation Co.* v. *Central Railroad Co.,* 4 *Vroom* 229; *Mercantile Bank* v. *Frost,* 33 *Id.* 476.

Now it is quite clear that the turning of boiling hot water into a city drain or sewer is not in itself a negligent act. A city conduit of this character is presumed to be designed and constructed so as to deliver its contents at some safe and suitable point. It is to be assumed that whatever is placed into it will be carried to this safe place of delivery. If by faulty construction or some break in the drain or sewer its contents should be discharged at a place of danger, no legal liability would rest upon those who had discharged waste fluids into the drain; certainly no liability would result unless those who discharged into the drain had knowledge of the condition which produced the injury.

Whether the defendant had knowledge of the discharge of the hot water at the place mentioned is not stated. Whether

if the defendant had such knowledge, a cause of action would be exhibited, or whether, if it appeared that the pouring of the hot water in the conduit was an unlicensed act, this was the proximate cause of the injury charged, are questions which need not be considered.

We are of the opinion that the declaration is defective in failing to charge that the use of the city pipe was an unlicensed and illegal act, and that in the absence of such an averment there is nothing in the facts pleaded which exhibits any cause of action against the defendant.

The judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHIEF JUSTICE, REED, TRENCHARD, VREDENBURGH, VROOM, GRAY, DILL, J.J. 7.

*For reversal*—THE CHANCELLOR, SWAYZE, PARKER, BERGEN, BOGERT, J.J. 5.